IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS FARRAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-988-M |
| ) | |
| SCOTT WHITLOCK, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action alleging a violation of his constitutional rights under 42 U.S.C. § 1983. Chief United States District Judge Vicki Miles-LaGrange has referred the case to the undersigned for preliminary review, entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed recommendations as to dispositive matters. Upon preliminary review, the undersigned finds that Plaintiff has named two defendants who are not amenable to suit under § 1983. With regard to the remaining Defendant, Defendant Whitlow, the undersigned finds that Plaintiff's Complaint fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, it is recommended that this action be **DISMISSED** upon filing.

## I. BACKGROUND

In his one-count Complaint, Plaintiff alleges that he was subjected to excessive force during an arrest. Complaint, 2-3. He claims that the "Oklahoma City Task Force and Scott Whitlock" came to arrest him at a friend's house and that although he was complying with their orders "two (2) officers jumped on my back." Complaint, 2. He alleges that he heard his knee "pop," and that he was taken to the hospital where it was confirmed that his knee was broken. Complaint, 2. He states that he was confined to the "Co. Jail" for four months and was then taken to the hospital for surgery on his left knee. *Id.*

Plaintiff names three Defendants: Scott Whitlock, identified only as a "police officer"; the Oklahoma City Police Department, which is named only in the caption of the case; and the "Oklahoma City Task Force," which is named in the case caption and mentioned only in the "Nature of the Case" section of this Court's form civil rights complaint. Complaint, 1-2. In Count I, Plaintiff alleges that "*they* performed and used excessive force when two (2) officers jumped on my back when I was complying with their orders...." (emphasis added). Complaint, 3. As relief, Plaintiff seeks to have all past and future medical bills paid in addition to $150,000 in damages. Complaint, 6.

## II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1), the

Court must review Plaintiff's complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. In order for a plaintiff "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." See *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).

In reviewing the sufficiency of the complaint, the Court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Tarabishi v. McAlester Reg'l Hosp.,* 827 F.2d 648, 651 (10th Cir. 1987) ("[t]he provisions of § 1983 apply only to persons who deprive others of rights secured by the Constitution or laws of the United States and who act under color of state statute, ordinance, regulation, custom or usage").

For the reasons discussed below, the undersigned finds that Plaintiff's complaint is so deficient that it fails to state a claim under § 1983.

### III. DISCUSSION

**A. Plaintiff's Allegations Fail to Support a Claim against the Oklahoma City Police Department and Oklahoma City Task Force.**

Although Plaintiff has named both the "Oklahoma City Police Department" and the "Oklahoma City Task Force" as Defendants, he mentions the latter only in the "Nature of the Case," and makes no substantive allegations against either entity. To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). There are no

4

such allegations against either of these two Defendants. Moreover, such entities are generally not subject to suit under § 1983. *See Lindsey v. Thomson*, 275 Fed. Appx. 744, 747 (10th Cir. Sept. 10, 2007) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."); *Ketchum v. Albuquerque Police Dept.,* No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992) (unpublished op.) (a municipal police department is not a suable entity because it lacks a legal identity apart from the municipality); *Shangreaux v. Midwest City Police Dept.,* No. 91-6013, 1991 WL 104313, at *2 (10th Cir. June 12, 1991) (unpublished op.) ("The police department of Midwest City is not a suable entity.").

Plaintiff's Complaint contains confusing, vague references to various allegedly wrongful acts, but they do not identify "what each defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; [or] what specific legal right [P]laintiff believes the defendant violated," *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, the undersigned finds that the Complaint as to Defendants "Oklahoma City Police Department" and "Oklahoma City Task Force" fails to satisfy Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief," and recommends that the claims against them be dismissed. *See* Fed.R.Civ.P. 8(a)(2); *Washington v. Collins,* 517 Fed.

Appx. 614, 615 (10th Cir. June 6, 2013). Although this defect could ordinarily be cured through amendment, the action also appears to be untimely for the reasons discussed below. However, if Chief Judge Miles-LaGrange finds the action to be timely, Plaintiff should be given leave to amend with regard to these two Defendants.

### B. Plaintiff's Allegations Show the Action to be Untimely.

Plaintiff states that he did not seek informal resolution of his claim or exhaust administrative remedies "Because I pulled Chaines and was Brought to Prison." Complaint, 5. Furthermore, Plaintiff gives his address as the Mack Alford Correctional Center in Stringtown, Oklahoma. However, Plaintiff fails to give any details as to the persons, places, or dates in support of his claim for excessive force during his arrest—facts required by Fed.R.Civ.P. 8(a) and requested by this Court's form civil rights complaint.

Plaintiff's omission of the date of the occurrence is of particular concern in light of his allegation that his arrest eventually led to his incarceration by the Oklahoma Department of Corrections (ODOC). A search of ODOC's official website, using the offender number provided by Plaintiff himself, confirms that Plaintiff is indeed in its custody and lists the date of his reception into ODOC as August 27, 2010. http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=129127&offender_bookid=31986

(accessed October 24, 2013). Although Plaintiff has failed to make any allegation as to the date of his arrest, or any other relevant dates, the information he has provided clearly suggests that it must have occurred prior to August 27, 2010.

The period of limitations for an action under 42 U.S.C. § 1983 is governed by the forum state's law for personal injury actions. *Gee v. Pacheco*, 627 F.3d 1178, 1189–90 (10th Cir. 2010) ("The forum state's statute of limitations for personal-injury actions sets the limitations period for § 1983 actions." (citation omitted)). In Oklahoma, the limitations period is two years for personal injury actions. Okla. Stat. tit. 12 § 95(A)(3); *see also Davis v. Ferrell,* 1991 WL 150862, at *2 (10th Cir. Aug. 7, 1991).

The date a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). A plaintiff "need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations." *Alexander v. State*, 382 F.3d 1206, 1216 (10th Cir. 2004). Additionally, a plaintiff need not "know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675

(10th Cir. 1995). (quotation omitted). The test is an objective one, with the focus "on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander*, 382 F.3d at 1216.

In Plaintiff's claim for excessive force, he alleges that during the arrest he heard his knee "pop" and that he was taken to the hospital where it was confirmed that he had a fracture of the knee. Complaint, 3. Thus, the undersigned finds that Plaintiff must have had reason to know the facts underlying his claim at that time. Furthermore, although Plaintiff does not allege the date of his arrest, his other allegations regarding his current confinement along with the corresponding official ODOC records lead to no other conclusion than, that the arrest resulting in his current confinement occurred at least three years ago. Accordingly, it is recommended that the action be dismissed as untimely.[1]

## RECOMMENDATION

---

[1] Sua sponte dismissal of a prisoner's § 1983 action on the basis of the statute of limitations is proper where "it is clear from the face of the complaint that there are no meritorious tolling issues, *or* the court has provided the plaintiff notice and an opportunity to be heard on the issue." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) (emphasis added). As the Tenth Circuit has observed in an unpublished opinion: "[t]his holding is a specific application of the general rule that sua sponte dismissal of a pro se complaint 'is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *McKinzy v. Murguia*, 370 Fed. Appx. 960, 961 (10th Cir. April 1, 2010) (unpublished op.) (quoting *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999)). This Report and Recommendation provides Plaintiff with notice and an opportunity to be heard on the issue via his right to object as set forth below. *Cf. Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 at *3 (10th Cir. July 29, 1994) (no due process problem when court raises procedural bar sua sponte as petitioner has opportunity to address matter by objecting to report and recommendation).

In light of the foregoing, it is recommended that this action be **DISMISSED** upon filing for failure to comply with Fed.R.Civ.P. 8(a) and on grounds that it is untimely. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **November 18, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **disposes of all issues referred** to the undersigned Magistrate Judge in the captioned matter. Accordingly, the referral is terminated.

**ENTERED** on October 31, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE